1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY DIXON,**<br><br>                    Petitioner,<br><br>     **v.**<br><br><br>**DAVE DAVEY, Warden,**<br><br>                    Respondent. | Case No. 1:15-cv-01190 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br><br>**[Doc. 17]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by William K. Kim, of the Office of the Attorney General for the State of California.

I.     **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon being convicted of four counts of second degree robbery with personal use of a deadly or dangerous weapon in the commission of the offenses and various sentencing enhancements. (<u>See</u> Pet. at 1.) On March 2, 2006, Petitioner was sentenced to an indeterminate state prison term of 121 years to life under California's Three Strikes Law.

1

1   (Id.)

2        On July 27, 2007, the California Court of Appeal, Fifth Appellate District, affirmed

3   the judgment. (Mot. to Dismiss, ECF No. 17, Ex. A.) Review was denied by the California

4   Supreme Court on October 24, 2007. (Lodged Docs. 1-2.)

5        Petitioner appears to have filed at least four state post-conviction challenges to

6   his conviction. Respondent provides state court records indicating that Petitioner filed

7   three petitions for writ of habeas corpus in 2015. (See Lodged Docs. 3-8.) However,

8   there is evidence in the documents presented that at least one additional habeas petition

9   was filed by Petitioner in the Fresno County Superior Court in 2008. (See Lodged Doc. 6

10  at 2; Opp'n, ECF No. 21, Ex. A.) The Fresno County Superior Court denied his 2015

11  petition based on the earlier filed petition. (Lodged Doc. 6 at 2.) In addition, Petitioner

12  lists as records provided to his counsel a 2008 state court petition along with an order

13  denying the petition. (Opp'n, ECF No. 21, Ex. A.) Interpreting the evidence in the light

14  most favorable to the non-moving party, the Court will assume that the 2008 petition was

15  filed, and that Petitioner should be entitled to statutory tolling for the petition, if eligible.

16  Accordingly, the Court finds that Petitioner filed the following four petitions in state court:

17      1.    Fresno County Superior Court
              Filed: July 2, 2008[1];
18            Denied: September 26, 2008;

19      2.    California Court of Appeal, Fifth Appellate District
              Filed: January 13, 2015[2];
20

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, the Court is not in possession of the state court records. The dates used are those stated on the list of records described by Petitioner's counsel on November 21, 2008. (Opp'n, ECF No. 21, Ex. A.) The Court is not able to determine whether Petitioner is eligible for earlier filing. However, as described in the analysis, several extra days or weeks of tolling would not affect the outcome of the motion.

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on January 16, 2015, the petition shall be considered filed on January 13, 2015, the date Petitioner signed the petition.

Denied: February 19, 2015;

3.   <u>Fresno County Superior Court</u>
     Filed: February 5, 2015[3];
     Denied: March 13, 2015;

4.   <u>California Supreme Court</u>
     Filed: April 10, 2015[4];
     Denied: July 8, 2015;

(<u>See</u> Lodged Docs. 3-8.)

On July 27, 2015, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court.[5] On October 21, 2015, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 17.) Petitioner filed objections on January 8, 2016. (Opp'n, ECF No. 21.) The matter stands ready for adjudication.

## II.   **DISCUSSION**

### A.   **Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See, e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

---

[3] Although the petition was filed on February 9, 2015, the petition shall be considered filed on February 5, 2014, the date Petitioner signed the petition.

[4] Although the petition was filed on April 17, 2015, the petition shall be considered filed on April 10, 2015, the date Petitioner signed the petition.

[5] Although the petition was filed on July 31, 2015, the petition shall be considered filed on July 27, 2015, the date Petitioner signed the petition.

1     <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a

2     respondent can file a motion to dismiss after the court orders a response, and the Court

3     should use Rule 4 standards to review the motion.   See <u>Hillery</u>, 533 F. Supp. at 1194 &

4     n. 12.

5           In this case, Respondent's motion to dismiss is based on a violation of the one-

6     year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss

7     is similar in procedural standing to a motion to dismiss for failure to exhaust state

8     remedies or for state procedural default and Respondent has not yet filed a formal

9     answer, the Court will review Respondent's motion to dismiss pursuant to its authority

10     under Rule 4.

11         **B.**     <u>**Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**</u>

12           On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

13     Penalty Act of 1996 (hereinafter "AEDPA").   AEDPA imposes various requirements on all

14     petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>,

15     521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th

16     Cir. 1997).

17           In this case, the petition was filed on July 27, 2015 and is subject to the provisions

18     of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file

19     a federal petition for writ of habeas corpus.   28 U.S.C. § 2244(d)(1).   As amended, §

20     2244, subdivision (d) reads:

21
22         (1)   A 1-year period of limitation shall apply to an application for a writ of
        habeas corpus by a person in custody pursuant to the judgment of a State
        court. The limitation period shall run from the latest of –

23
24             (A) the date on which the judgment became final by the conclusion
            of direct review or the expiration of the time for seeking such
            review;

25
26             (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of the
            United States is removed, if the applicant was prevented from filing
27             by such State action;

28             (C) the date on which the constitutional right asserted was initially
            recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on October 24, 2007. The state appeal process became final ninety days later, on January 22, 2008, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on January 23, 2008. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from January 23, 2008, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until July 27, 2015, over six years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

**C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court

1   system. 536 U.S. 214, 216 (2002); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th

2   Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations

3   under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

4   timely or was filed within a reasonable time under state law. <u>Pace v. DiGuglielmo</u>, 544

5   U.S. 408 (2005); <u>Evans v. Chavis</u>, 546 U.S. 189 (2006). Claims denied as untimely or

6   determined by the federal courts to have been untimely in state court will not satisfy the

7   requirements for statutory tolling. <u>Id.</u>

8       Petitioner filed his first state habeas petition on July 2, 2008, and the petition was

9   denied on September 26, 2008. Accordingly, Petitioner is entitled to an additional 86

10  days for the period that the state petition was tolling. Rather than the limitations period

11  expiring a year from its commencement on January 22, 2009, Petitioner was entitled an

12  additional 86 days, until April 18, 2009, to file the petition.

13      Accordingly, the limitations period commenced on January 22, 2008 and expired

14  on April 18, 2009. The statute of limitations therefore expired over six years before the

15  instant federal petition was filed on July 27, 2015. While Petitioner filed three additional

16  petitions for writ of habeas corpus in state court in 2015, petitions filed after the

17  expiration of the statute of limitations period have no tolling effect. <u>Ferguson v.</u>

18  <u>Palmateer</u>, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation

19  of the limitations period that has ended before the state petition was filed.").

20      The Court is not in possession of Petitioner's July, 2008 state petition. It is

21  possible that Petitioner is entitled to several extra days or even weeks of tolling for the

22  time between when the state petition was handed to prison officials for mailing, and

23  when the petition was received by the Court. However, based on the additional six years

24  of delay in filing the instant federal petition, it is clear any additional time provided by

25  statutory tolling would have no effect on the untimeliness of the federal petition.

26      The present petition was filed on July 27, 2015, over six years after the expiration

27  of the year statute of limitations period. The instant federal petition is untimely.

28

D. **Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). In his opposition, Petitioner claims he is entitled to equitable tolling of the limitations period based on abandonment of counsel, lack of legal files, and his actual innocence.

1.    Abandonment of Counsel

In his opposition, Petitioner asserts that he should be granted equitable tolling because his appellate counsel was in possession of his legal files and did not file a petition on his behalf. (ECF No. 17.) Specifically, he asserts that his post-conviction attorney was in possession of his legal files for over five years and only returned his files after he contacted the California State Bar. (Id.)

Sufficiently egregious attorney misconduct may provide grounds for equitable tolling. See Doe v. Busby, 661 F.3d 1001, 1012 (9th Cir. 2011); Maples v. Thomas, 132 S. Ct. 912, 924, 181 L. Ed. 2d 807 (2012) ("We agree that, under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him."); Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2564, 177 L. Ed. 2d 130 (2010); Mackey v. Hoffman, 682 F.3d 1247, 2012 U.S. App. LEXIS 12925 (9th Cir., June 25, 2012) (holding abandonment of counsel as equitable grounds to allow petitioner to file an untimely appeal from the district court's denial of his habeas petition.).

Based on the evidence presented to the Court, Petitioner has not shown egregious misconduct on the part of counsel. Petitioner has only presented evidence that counsel did not prepare or file a federal petition with the claims previously exhausted in state court. However, Petitioner has not shown that counsel intended to file such a petition. Reviewing the records presented by Petitioner, it appears that

7

1    Petitioner's counsel accepted representation to investigate and present claims of actual

2    innocence, if they could be established. Specifically, counsel terminated the relationship

3    with Petitioner after determining that no further testing could be performed to establish

4    Petitioner's innocence. Based on the evidence presented, it appears that counsel did not

5    intend to file a petition on Petitioner's behalf consisting of his previously exhausted

6    claims. Counsel's intentional actions do not serve as a basis for equitable tolling. See,

7    e.g., Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007)

8    ("[a]ttorney miscalculation simply not sufficient to warrant equitable tolling, particularly in

9    the postconviction context where prisoners have no constitutional right to counsel");

10    Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002) (attorney's miscalculation of

11    limitations period did not constitute extraordinary circumstances); Frye v. Hickman, 273

12    F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's general negligence and

13    miscalculation of limitations deadline did not constitute extraordinary circumstances that

14    warranted equitable tolling in a non-capital habeas case).

15        Petitioner has not shown that that he was abandoned by counsel or that counsel's

16    conduct was sufficiently egregious to support a finding of equitable tolling.

17            2.    Lack of Legal Files

18        Petitioner alleges that he sent his legal files to his attorneys in 2008 and they not

19    return them to him until 2014. Denial of access to legal documents may, in some cases,

20    constitute an "extraordinary circumstance" beyond a petitioner's control for purposes of

21    justifying the application of equitable tolling to the AEDPA statute of limitations. See

22    Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010); see also Espinoza-Matthews v.

23    California, 432 F.3d 1021, 1027-28 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 924-25

24    (9th Cir. 2002). However, in order to demonstrate that the denial of his legal files

25    constituted an extraordinary circumstance justifying equitable tolling, Petitioner must

26    demonstrate a causal link between the delay in filing and the extraordinary circumstance.

27    See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) ("The prisoner

28    must show that the extraordinary circumstances were the cause of his untimeliness.").

1       Courts have routinely recognized that restricted access to legal property does not

2  generally constitute extraordinary circumstances warranting the grant of equitable tolling.

3  "In general, the difficulties attendant on prison life, such as transfers between facilities,

4  solitary confinement, lockdowns, restricted access to the law library and an inability to

5  secure court documents, do not by themselves qualify as extraordinary circumstances."

6  Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005); see also Ford v. Pliler,

7  590 F.3d 782, 790 (9th Cir. 2009) ("[Petitioner's] alleged inability to access [his legal

8  files] cannot be the 'cause of his untimeliness' since he did not need the legal materials

9  they contained to file a timely habeas petition.") (internal quotation marks omitted.);

10  Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (finding that even if

11  petitioner had difficulty developing habeas claims without records, he could have filed a

12  "basic form habeas petition" to satisfy AEDPA deadlines and sought to amend when he

13  received records); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) (rejecting

14  equitable tolling based on delay in receiving trial transcripts, because possession of trial

15  transcripts is not a condition precedent to filing for post-conviction relief; a petition

16  seeking collateral relief could have been filed, following which, if necessary for decision

17  of the issues raised, the Court could have ordered production of the transcript).

18       Petitioner has not demonstrated that the delay in receiving his files from his post-

19  conviction attorney was an actual cause of his delayed filing. Petitioner does not explain

20  why he was unable to file his habeas petition without these documents. Petitioner had

21  previously filed a habeas petition in Fresno County Superior Court, and has not

22  explained why he was unable to use that petition to file further petitions alleging his

23  claims in the state appellate and Supreme Court and eventually with this Court.

24       Thus, Petitioner has failed to establish that the alleged lack of access to his legal

25  files was an extraordinary circumstance that made it impossible for him to file a federal

26  petition on time.

27          3.    Actual Innocence

28       In his objections to the motion to dismiss, Petitioner makes a passing reference

1  that he is entitled to the equitable exception to the limitations period based on his actual

2  innocence.

3      On May 28, 2013, the Supreme Court held that a federal court may entertain an

4  untimely claim if a petitioner makes a showing of actual innocence. McQuiggin v.

5  Perkins, 133 S. Ct. 1924, 185 L. Ed. 2d 1019, 2013 WL 2300806 (2013). To qualify for

6  the equitable exception to the timeliness bar based on actual innocence, a petitioner

7  "'must show that it is more likely than not that no reasonable juror would have convicted

8  him in the light of the new evidence.'" 133 S. Ct. at 1935  (quoting Schlup v. Delo, 513

9  U.S. 298, 327 (1995)). "[T]he emphasis on 'actual innocence' allows the reviewing

10  tribunal also to consider the probative force of relevant evidence that was either

11  excluded or unavailable at trial." Schlup, 513 U.S. at 327. "The gateway should open

12  only when a petition presents 'evidence of innocence so strong that a court cannot have

13  confidence in the outcome of the trial unless the court is also satisfied that the trial was

14  free of nonharmless constitutional error.'" McQuiggin, 133 S. Ct. 1924, 1936 (quoting

15  Schlup, 513 U.S. at 316.) "Unexplained delay in presenting new evidence bears on the

16  determination whether the petitioner has made the requisite showing." 133 S. Ct. 1924,

17  1935.

18      Petitioner asserts that he meets the actual innocence standard as set forth in

19  Schlup. (Opp'n at 6.) Petitioner's claims, without further explanation, do not undermine

20  his guilt. Most importantly, Petitioner has not presented any new evidence that he is

21  factually innocent of the crime. Even more damaging to the claim is the letter Petitioner

22  attached to his opposition from counsel in which counsel explains that despite testing,

23  they were not able to obtain any new evidence of his innocence. Accordingly, the

24  evidence presented in the opposition is not sufficient to support a finding of actual

25  innocence. Petitioner's new evidence, if presented to a reasonable juror, would not

26  convince the juror of his innocence. Petitioner's actual innocence claim is without merit

27  and the petition for writ of habeas corpus must be dismissed as untimely.

28

1

2    ### III.    __CONCLUSION__

3           As explained above, Petitioner failed to file the instant petition for habeas corpus

4    within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not

5    entitled to the benefit of statutory or equitable tolling. Based on the foregoing, this Court

     recommends that Respondent's motion to dismiss be GRANTED.

6    ### IV.    __RECOMMENDATION__

7           Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for

8    Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

9    GRANTED.

10          This Findings and Recommendation is submitted to the assigned  United States

11   District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and

12   Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

13   District of California. Within thirty (30) days after the date of service of this Findings and

14   Recommendation, any party may file written objections with the Court and serve a copy

15   on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

16   Findings and Recommendation."  Replies to the Objections shall be served and filed

17   within  fourteen  (14)  days  after  service  of  the  Objections. The  Finding  and

18   Recommendation will then be submitted to the District Court for review of the Magistrate

19   Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure

20   to file objections within the specified time may waive the right to appeal the District

21   Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

22

     IT IS SO ORDERED.

23

24      Dated:   __January 23, 2016__          /s/ *Michael J. Seng*

25                                      UNITED STATES MAGISTRATE JUDGE

26

27

28